Thomas and another v. Cortes and another.

---

GEORGE C. THOMAS and others *v.* JOHN F. CORTES and others.

Where a defendant in an action to recover a sum of money dies *pendente lite*, if the heirs be of age and have accepted the succession unconditionally, they may be made parties, and the suit must be prosecuted to judgment in the ordinary courts; but where the succession has not been accepted purely and simply, and is in the hands of an administrator, curator, or executor, Courts of Probate have exclusive jurisdiction to decide on all claims for money against it, and to establish the rank of the privileges, and the mode of payment. C. P., 924.

It does not follow from the provisions of arts. 21, 120, and 361 of the Code of Practice,

Thomas and others v. Cortes and others.

that actions shall not abate by the death of one of the parties, but may be continued between the survivor and the heirs of the deceased, that they must continue to be prosecuted in the courts in which they were instituted. All such actions founded on claims for money, on the death of the defendant, must be cumulated with the mortuary proceedings in the Probate Court, and there prosecuted to judgment, unless admitted by the administrator. The creditors have the right of contesting each other's claims in a *concurso*, before the Probate Court, by which they will be paid a *pro rata* dividend in case of the insolvency of the succession. Though no express provision has been made for the transfer of such actions, the law has, by investing the Court of Probates with jurisdiction, impliedly conferred the means necessary to its exercise. The transfer of the record is necessary to the exercise of jurisdiction by the Probate Court.

APPEAL from the District Court of Natchitoches, *Greneaux*, J. presiding.

*J. Taylor*, for the plaintiffs.

*M. Boyce*, *Tuomey*, and *Sherburne*, for the appellant.

MORPHY, J. This appeal is taken by the widow and administratrix of the succession of the late Samuel P. Russell, from a judgment rendered by default, and afterwards confirmed against her in her said capacity, her husband having died *pendente lite*. The suit was against the deceased as endorser of a promissory note. Among a number of errors and irregularities which the appellant has assigned as apparent upon the face of the record, it is sufficient to notice one, to wit : that the District Court had no jurisdiction of the case, as far as it related to the succession of S. P. Russell ; that it could give no judgment against an administratrix for sums of money due by a succession ; and that the suit should have been transferred to the Court of Probates. This ground appears to us well taken. It is true, that articles 21, 120, and 361 of the Code of Practice, declare that actions do not abate by the death of one of the parties, and that they may be continued between the surviving party, and the heirs of the one deceased ; but it does not necessarily follow, that such actions must continue to be prosecuted in those courts whose jurisdiction has been excluded by law.

If the heirs are of age, and have accepted the succession unconditionally, they may be made parties, and the suit must be prosecuted to judgment in the ordinary courts ; but when the succession has not been accepted, purely and simply, and is administered upon by an administrator, the Courts of Probates have exclu-

sive jurisdiction to decide on all claims for money against it, and to establish the order of privileges, and mode of payment. Code of Practice, art. 924.

The Legislature having given exclusive jurisdiction of such claims to the Courts of Probates, it follows, that the jurisdiction of other courts is thereby taken away, and that all suits on them pending in such other courts, must be cumulated with the mortuary proceedings in the Court of Probates, and there prosecuted to judgment, unless the claim is admitted by the administrator. A *concurso* takes place in the Court of Probates, in which the creditors have the right of contesting each other's claims, and can receive only a dividend on their debts in case the estate proves insolvent. Under this view of the case, effect is given to the apparently contradictory articles of the Code, and the will of the lawgiver is complied with. It is true that the Legislature has not provided for the transfer of such suits, but as this court said in *Prentice et al. v. Waters,* "in taking away the jurisdiction of one court, and vesting it in another, the last has been virtually possessed of the means of exercising its jurisdiction, and that must be by the record being sent to it." *Cum quid conceditur, conceditur et id per quod pervenitur ad illud.* 3 Mart. N. S. 522; 2 Ib. N. S. 287, 439; 11 La. 359.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that this case be remanded, to be transferred to the Court of Probates of the Parish of Natchitoches; the plaintiffs and appellees to pay the costs in both courts, but reserving to them the right to claim in the Court of Probates, those incurred in the District Court.

*Judgment affirmed.*